Case 4:15-cv-01616 Document 24 Filed in TXSD on 02/16/17 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BEALL, <br> TDCJ #1729786, | § <br> § <br> § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-15-1616 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § <br> § | |
| Defendants. | | |

### ORDER OF PARTIAL DISMISSAL AND TRANSFER

Plaintiff David Beall ("Plaintiff") has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with his exposure to tuberculosis and the subsequent alleged lack of notice or treatment while he was incarcerated at the Fort Stockton Unit of the Texas Department of Criminal Justice—Correctional Institutions Division ("TDCJ"). (Docket Entry No. 1). At the Court's request, Plaintiff filed a More Definite Statement (Docket Entry No. 12), in which he indicated that certain medical personnel at the Fort Stockton Unit knew that he was positive for tuberculosis and did not inform him of the positive tests or treat him for the disease.

Recently, Plaintiff filed an amended complaint, which the Court accepted as the live pleading in this case. (Docket Entry Nos. 18, 22). Plaintiff's amended complaint omits any mention of TDCJ former Director William Stephens ("Stephens"), Lannette Linthicum, M.D. ("Linthicum"), and Abbas Khoshdel, M.D. ("Khoshdel"), three Huntsville defendants named in Plaintiff's original complaint.

Plaintiff names the following defendants in his amended complaint: (1) Sheri J. Talley, M.D. ("Talley"); (2) Sabra B. Hill, R.N. ("Hill"); (3) Keith W. Seidel, N.P. ("Seidel"); (4)

Claudia N. Alexander, L.V.N. ("Alexander"); (5) Catarina M. Quiroz, L.V.N. ("Quiroz"); (6) Criselda B. Gochocoa, R.N. ("Gochocoa"); (7) Warden Joe Grimes ("Grimes"); (8) Warden Steven Swift ("Swift"), all of the Fort Stockton Unit; and (9) Denise Deshields, M.D. ("Deshields"), Director of Texas Tech University Health Science Center. It appears that none of the named defendants in the amended complaint, nor Plaintiff, has any connection to the Southern District of Texas, Houston division.[1]

## I.     Legal Standards

### A.     Prison Litigation Reform Act

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The district court reviews a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, a court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a court reviews a prisoner's *pro se* pleading under a less stringent standard than those drafted by an attorney and construes it liberally, including all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal

---

[1] Although Plaintiff was in the Wynne Unit in 2013, he recently informed the Court that he was released from the Dallas County Jail on September 28, 2016 and resides in Dallas, Texas. *See* Docket Entry Nos. 21, 23.

theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that a plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

### B. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for deliberate indifference, a plaintiff must plead facts to show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002); *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002).

Deliberate indifference is an "'extremely high standard to meet'" because it "requires a showing that the prison official 'knows of and disregards' the substantial risk of serious harm facing the inmate." *Morgan v. Hubert*, 459 F. App'x 321, 326 (5th Cir. 2012) (quoting *Farmer*, 511 U.S. at 837). The Fifth Circuit, on rehearing *en banc*, has reiterated that to "violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable state

of mind . . . . that state of mind is one of 'deliberate indifference' to inmate health or safety.'" *Williams v. Hampton*, 797 F.3d 276 (5th Cir. July 28, 2015) (*en banc*) (holding that the prison guard's actions or omissions did not, as a matter of law, rise to the level of deliberate indifference).

To demonstrate deliberate indifference to his serious medical needs, a plaintiff must plead facts that indicate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or "engaged in any similar conduct that would evince a wanton disregard for any serious medical need." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). "[T]he 'failure to alleviate a significant risk that [the Defendants] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino*, 239 F.3d at 756 (quoting *Farmer*, 511 U.S. at 838). A violation of the Eighth Amendment must involve "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

In other words, "deliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). Rather, "[i]t is the 'obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the [Eighth Amendment], whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Bradley v. Puckett*, 157 F.3d at 1025 (quoting *Whitley*, 475 U.S. at 319). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (citing *Estelle*, 429 U.S. at 105-06).

### C. Venue

Venue in a civil rights action is governed by 28 U.S.C. § 1391(b). *Davis v. Louisiana State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989). The statute provides that civil cases not founded solely on diversity of citizenship must be brought in the judicial district where: (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) where any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). A federal district court may transfer claims, in the interest of justice, to another court in which the action might have been brought. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998), *cert. denied*, 526 U.S. 1157 (1999).

A district court has the authority to transfer a case in the interest of justice to another district or division in which the action may have been brought. *See* 28 U.S.C. §§ 1404, 1406. In particular, section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder*, 160 F.3d at 1067.

## II. Discussion

### A. Supervisory Officials

Plaintiff alleges in his pleadings that Stephens, Deshields, Grimes, and Swift "failed to adequately train or supervise [their] subordinates in performing according to required policies." *See* Docket Entry No. 12 at 2-3; Docket Entry No. 18 at 5. Plaintiff pleads no other facts regarding these defendants, other than to assert cursorily that Stephens was grossly negligent. *See* Docket Entry No. 1 at 3.

Personal involvement is an essential element of a civil rights cause of action in an individual capacity claim. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) (plaintiff bringing a section 1983 action must "specify the personal involvement of each defendant"). In that respect, section 1983 does not create vicarious or *respondeat superior* liability for the wrongdoing of others. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-92 (1978) (holding that supervisory officials cannot be held vicariously liable for their subordinates' actions under section 1983); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 ("'[S]upervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.") (citation omitted); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) ("Supervisory officers . . . cannot be held liable under § 1983 for the actions of subordinates . . . on any theory of vicarious liability."). Because vicarious liability is inapplicable in a section 1983 suit, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Without elaboration, Plaintiff asserts that the supervisory officials failed to supervise their subordinates in implementing required policies; this fails to state a claim for a constitutional violation because Plaintiff pleads no facts to indicate how any of the supervisory officials violated his constitutional rights or had any personal involvement in his case. *See, e.g.*, *Widner v. Aguilar*, 398 F. App'x 976, 979-980 (5th Cir. 2010) (not selected for publication) (finding dismissal as frivolous proper where warden allegedly took no action in the grievance process and holding that plaintiff had no constitutionally protected interest in the investigation and processing of his grievances). Because Plaintiff fails to allege facts to indicate the personal involvement of Stephens, Deshields, Swift, or Grimes in any violation of his constitutional rights, Plaintiff's

claims against them will be dismissed.

### B. Defendants Khoshdel and Linthicum

Plaintiff generally alleges, without elaboration, that Khoshdel and Linthicum were grossly negligent in exposing him to tuberculosis. Plaintiff indicates that he arrived at the Wynn Unit on July 25, 2013 and that an unnamed provider at the Wynn Unit told Plaintiff that he had a positive tuberculosis test on August 1, 2013 and that he had to get a chest x-ray. *See* Docket Entry No. 1 at 6; Docket Entry No. 12 at 5. He next saw Dr. Khoshdel, who informed Plaintiff that he would have to start taking medication to treat the tuberculosis. Plaintiff alleges that he started taking the medicine on August 9, 2013 and continued on it for nine months. He also alleges that he asked Dr. Khoshdel for a work restriction but does not indicate whether Khoshdel granted or refused his request. Plaintiff pleads no other facts regarding Khoshdel. Likewise, Plaintiff does not appear to allege any specific facts regarding Linthicum.

An inmate's dissatisfaction or disagreement with the medical treatment he received, or that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for deliberate indifference in violation of the Eighth Amendment. *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim for deliberate indifference); *Norton v. Dimazana*, 122 F.3d 286, 291-92 (5th Cir. 1997) (holding an inmate's dissatisfaction with the medical treatment he received does not mean that he suffered deliberate indifference); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Taking all of Plaintiff's allegations as true and construing his pleadings liberally in his

favor, Plaintiff does not plead facts to indicate that either Khoshdel or Linthicum acted with deliberate indifference to his medical needs or that they were subjectively aware of a risk of serious harm and consciously disregarded that risk. Accordingly, Plaintiff's claims against them will be dismissed.

### C. The Remaining Fort Stockton Unit Defendants

Plaintiff alleges that Talley, Hill, Seidel, Alexander, Quiroz, and Gochicoa never informed him that he had a positive tuberculosis test and did not treat him for tuberculosis while he was at the Fort Stockton Unit.

Construing the pleadings as true, all of the events or omissions allegedly took place in the Fort Stockton Unit where Plaintiff was incarcerated at the time of his alleged exposure to tuberculosis. The Fort Stockton Unit is located in Pecos County, Texas. Pecos County is located in the Pecos Division of the Western District of Texas. *See* 28 U.S.C. § 124(d)(6).

The Court concludes that, in the interests of justice and pursuant to 28 U.S.C. § 1391(b), this case should be transferred to the Western District of Texas, Pecos Division, where the events at issue allegedly occurred and where the remaining defendants may be found.

## III. Conclusion and Order

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's claims against TDCJ former Director William Stephens, Texas Tech University Health Science Center Director Denise Deshields, Warden Steven Swift, Warden Joe Grimes, Dr. Abbas Khoshdel, and Dr. Lannette Linthicum are **DISMISSED with prejudice,** pursuant to 28 U.S.C. § 1915A(b)(2), for failure to state a claim upon which relief may be granted.

2. Plaintiff's claims against the Fort Stockton Unit Defendants Dr. Sheri Talley,

Sabra Hill, Keith Seidel, Claudia Alexander, Catarina M. Quiroz, and Criselda B. Gochicoa are **SEVERED** and **TRANSFERRED** to the United States District Court for the Western District of Texas, Pecos Division, pursuant to 28 U.S.C. §§ 1391(b)(2), 1404(a).

The Clerk shall send a copy of this Order and the entire file to the United States District Court for the Western District of Texas, Pecos Division, and provide a copy of this order to Plaintiff by mail with a delivery tracking system.

SIGNED at Houston, Texas, this 16th day of February, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE